IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW E. ERICSON, | ) | 8:11CV432 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On October 24, 2012, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On January 28, 2013, Plaintiff was awarded attorney fees in the amount of $6,500.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Now pending before the court is a motion filed by Plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b),[2] in the amount of $19,500.00 (filing 27).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A).

In support of the Section 406(b) motion, Plaintiff's counsel have filed evidence establishing that they and Plaintiff entered into a fee agreement on December 6, 2011, providing for a contingent fee equal to 25% of all past-due benefits awarded (filing 27-1 at 2); that, after a supplemental hearing on remand, Plaintiff was found disabled (filing 27, ¶ 5); that the Commissioner issued a Notice of Award on November 29, 2013, which indicated that $40,216.98 was being withheld from Plaintiff's past-due benefits for payment of a 25% contingent attorney fee (filing 27-1 at 10); and that a total of 31.5 hours of attorney time were devoted to this matter between November 7, 2011, and November 6, 2012 (filing 27, ¶ 7; filing 27-1 at 4-7).[3] The "hypothetical hourly rate" is approximately $620.00 ($19,500.00 ÷ 31.5 hours) (filing 27, ¶ 10).

The Commissioner has responded that "[w]hile the proposed fee appears reasonable based on the work performed in this case as documented in Plaintiff's filings, the Court must independently make this determination" (filing 28 at 1).The Commissioner also notes that "the smaller of the fees awardable for the same work under the EAJA and the Social Security Act must be refunded to the claimant by the attorney" and "requests that the Court's order reflect this requirement" (filing 28 at 2). Plaintiff's counsel has included such a refund provision in the pending motion (filing 27, ¶ 13).

Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. See *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id.* Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

---

[3] The motion also states that Plaintiff's counsel "is requesting $10,000.00 for work performed before the Social Security Administration in connection with the two administrative hearings" (filing 27, ¶ 8). Attorney fees associated with administrative hearings are subject to 42 U.S.C. § 406(a) and must be evaluated by the agency, not the court. See *Gisbrecht*, 535 U.S. at 794.

results in particular cases." *Id.* at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186." *Id.* at 796.

While the undersigned has previously found a "hypothetical hourly rate" in excess of $620.00 to be reasonable under certain circumstances, *see Flowers v. Social Security Administration*, No. 4:04CV3033, 2011 WL 2632748 (D.Neb. July 5, 2011) (approving attorney fee of $23,237.00 for 35 hours of work, equal to $663.91 per hour), the Plaintiff in that case signed an affidavit stating that she did not object to the requested fee, and this was deemed a "significant" factor in the court's finding.[4] *Id. at \*3*. In the present case, by contrast, there is no such affidavit.

To assist the court's review of this matter,

IT IS ORDERED that Plaintiff's counsel shall attempt to secure an affidavit from their client approving the proposed fee award and file the same with the court. The court will defer ruling on counsel's motion (filing 27) for a period not to exceed 30 days from today's date, pending receipt of the affidavit.

January 27, 2014.     BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge

---

[4] Lesser fees have been awarded in other recent cases in this district. *See, e.g., Kellen v. Astrue*, No. 4:11CV3002, 2014 WL 128303 (D.Neb. Jan. 13, 2014) (approving attorney fee of $12,507.25 for 27.9 hours of work, equal to $448.28 per hour); *Casas v. Astrue*, No. 4:09CV3244, 2012 WL 5399646 (D.Neb. Nov. 5, 2012) (disapproving attorney fee of $15,753.00 for 16.7 hours of work, equal to $943.29 per hour; reducing fee by one-half, to $7,876.50); *Sahs v. Astrue*, No. 4:10CV3161, 2012 WL 2856482 (D.Neb. July 11, 2012) (approving attorney fee of $14,790.97 for 43.35 hours of work, equal to $341.19 per hour).